[No. 10,123.]

## THE PEOPLE *v.* AH WHO.

DISCRETION OF COURT AS TO EVIDENCE.—When a witness, called by the People in a criminal case, on his cross-examination, testifies that he is in jail, and, for the purpose of affecting his credibility, is then asked if he is not in jail charged with house-breaking, it is in the discretion of the Court either to overrule or sustain an objection to the question; and if there are no facts which show an abuse of this discretion, a new trial will not be granted.

APPEAL from the County Court, County of San Joaquin.

The defendant was indicted for house-breaking. Ah Sam was called as a witness for the People, and having given testimony material to the issue, on his cross-examination by the defendant, said he was in jail on a criminal charge. He was then asked, "were you not there on a charge of house-breaking?" The district attorney objected to the question, and the Court sustained the objection. The defendant was convicted, and appealed.

*Hinds & Terry*, for the Appellant.

The evidence affected the credibility of the witness, and a witness may be asked as to collateral acts affecting his standing, and having some bearing on his credibility. (Starkie on Ev. 208; 1 Greenleaf on Ev. 454.)

*John L. Love*, Attorney-General, for the People.

The statute does not allow a witness to be discredited, simply because he has been arrested. (Code Civ. Pro. Sec. 2051.)

By the COURT.

The witness, Ah Sam, having stated, in response to a question asked by the defendant's counsel, that he was in jail, charged with a criminal offense, was further asked if he was in jail charged with house-breaking.

If the evidence was admissible at all (a point we do not decide), it was admissible only on the ground that his confinement on the charge mentioned affected his credibility. He was not asked if he had been convicted of the felony, but if he had been charged with it. This being merely a collateral matter, relating only to the credibility of the witness, and not material to the issue, the extent to which it could be pursued was in the discretion of the trial Court, and we cannot say that this discretion was abused.

We have looked carefully through the record in connection with the ingenious brief of the prisoner's counsel, and discover nothing in the other points worthy of special notice.

Judgment and order denying new trial affirmed. Remittitur forthwith.